**Opinion filed April 4, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00273-CV
_____

## IN THE INTEREST OF I.B., A CHILD

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CV 17-07-261**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order of termination of the parental rights of the mother and father of I.B.  The father appeals.  On appeal, he presents one issue in which he argues that he received ineffective assistance of counsel.  We affirm.

### Background Facts

After the mother voluntarily relinquished her parental rights, a jury trial was conducted with respect to the father's parental rights.  The jury trial was conducted in the father's absence because he did not appear for trial.  Despite the father's absence, the father's trial counsel was present and represented the father at trial.  Because the father does not challenge the sufficiency of the evidence, we will not

set forth the evidence in detail. We note, however, that we have reviewed all of the evidence and that the Department presented clear and convincing evidence in support of termination.

At the conclusion of the trial, the jury found that the parent-child relationship between the father and I.B. should be terminated. Based on the mother's earlier relinquishment and on the jury's verdict with respect to the father, the trial court entered a final order in which it terminated the parents' rights to the child. In the order, the trial court found that the father had knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the physical or emotional well-being of the child; had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being; had constructively abandoned the child; and had failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of the child, who had been in the managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent for abuse or neglect. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (N), (O) (West Supp. 2018). The trial court also found that termination of the father's parental rights would be in the best interest of the child. *See id.* § 161.001(b)(2). On appeal, the father does not challenge any of the trial court's findings.

*Assistance of Counsel at Trial*

In his sole issue on appeal, the father asserts that he received ineffective assistance of counsel at trial. He points to trial counsel's failure to inform the jury why the father was absent from the courtroom, trial counsel's waiver of opening argument, and trial counsel's failure to call witnesses or present "a case."

A parent in a termination case has the right to "effective counsel." *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). To prevail on a claim of ineffective assistance of

2

counsel, a parent must generally show (1) that trial counsel's performance was deficient and (2) that the deficient performance was so serious as to deny the parent a fair and reliable trial. *In re J.O.A.*, 283 S.W.3d 336, 341–42 (Tex. 2009) (following the two-pronged analysis of *Strickland v. Washington*, 466 U.S. 668 (1984)); *M.S.*, 115 S.W.3d at 545 (same). In the present case, the father has failed to satisfy the first prong of the *Strickland* test.

The record reflects that the Department and trial counsel had had difficulties maintaining contact with the father. However, the father had been notified and was aware of the trial setting. When the case was called for trial at 10:30 a.m., the father was not present in the courtroom; trial counsel informed the trial court that he had been notified that the father would be at the courthouse in about ten minutes. The reason given by the father was that he had run out of gas. The father, however, never arrived for court that day.

After voir dire but before testimony began, trial counsel requested a continuance until the next day so that the father could participate in the trial. The trial court found that the father, who resided in or near Brownwood, had voluntarily absented himself from the proceedings. Consequently, the trial court denied the motion for continuance. All parties then waived their opening statement, and the Department called its lone witness: the conservatorship worker in this case. That afternoon, after the Department rested its case-in-chief, trial counsel implored the trial court—in the presence of the jury—to permit him "to make one last effort the rest of the evening to find [the father] and try to get him here in the morning to testify." The trial court agreed to wait and permit trial counsel to put on his case the next morning. The trial court recessed the case until 9:00 the next morning.

The next morning, Appellant again failed to appear for trial. Trial counsel informed the trial court that he had talked to the father twice and that the father was

aware of "yesterday's hearing" and "today's hearing." However, trial counsel was unable to locate Appellant that morning.

Under the record in this case, we cannot hold that trial counsel's failure to inform the jury why the father was absent from the courtroom, trial counsel's waiver of opening argument, or trial counsel's failure to call witnesses constituted deficient performance. Given the circumstances, trial counsel did what he could to effectively represent the father at trial. He conducted voir dire; lodged objections; cross-examined the Department's witness; and, in his closing argument, asked the jury not to terminate the father's parental rights. The father did not appear at trial so that he could testify in his own behalf, nor is there any indication in the record or in the father's brief that there were any other witnesses available to testify on his behalf. Because the father has not shown that trial counsel's performance was deficient, the father has failed to establish that he received ineffective assistance of counsel. *See M.S.*, 115 S.W.3d at 545–46. We overrule the father's sole issue on appeal.

### *This Court's Ruling*

We affirm the trial court's order of termination.

KEITH STRETCHER

JUSTICE

April 4, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.